**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRENNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTER & GAMBLE CO.,<br><br>Defendant. | Case No. 8:16-cv-1093<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Veronica Brenner ("Plaintiff"), individually and on behalf of other similarly situated individuals, alleges the following Class Action Complaint against defendant Procter & Gamble Co. ("Defendant") for making, marketing, and distributing Pampers "natural clean" Wipes, upon personal knowledge as to herself and her own acts and upon information and belief – based upon, *inter alia*, the investigation made by her attorneys – as to all other matters, as follows:

## **INTRODUCTION**

1. In recent years, consumers have become significantly more aware and sensitive to the toxicity and impact of household wipes on their health, the health of their children, and the general environment. As a result, demand has increased for wipes that are naturally derived and non-toxic.

2. Defendant manufactures Pampers "natural clean" Wipes (the "Wipes") and distributes them to retailers nationwide for sale to consumers.

3. Defendant markets the Wipes to be a natural and safer alternative to traditional wipes, including traditional Pampers-brand wipes. Unlike other varieties of Pampers-brand wipes, the Wipes are sold in a green package bearing images of flowers and leaves that prominently states "natural clean:"



CLASS ACTION COMPLAINT                                                                                              1

4. Unfortunately for consumers, this is false and misleading. The Wipes are not natural because they contain an unnatural and potentially harmful ingredient called phenoxyethanol, which "can depress the central nervous system and may cause vomiting and diarrhea, which can lead to dehydration in infants" according to the Food and Drug Administration ("FDA").[1]

5. That is not all. In May 2012, the Agence Nationale de Sécurité du Médicament et des Produits de Santé (French National Agency for Medicines and Health Wipes Safety) ("ANSM") published a report recommending that phenoxyethanol should be "avoid[ed] … in cosmetic Wipes intended for the nappy area" for "infants under the age of three years" due to concerns of reproductive and developmental toxicity.

6. At the very least, it is clear than phenoxyethanol is *not* a natural chemical. In April 2016, the Federal Trade Commission filed complaints against two cosmetics manufacturers for representing that their products were "natural" when they contained phenoxyethanol. Both companies agreed to cease marketing the products in question as being "natural."[2]

7. Defendant knows about these findings from American and French governmental agencies. And it knows that consumers use the Wipes on their infants' nappy areas, hands, and mouths. But Defendant puts phenoxyethanol in the Wipes anyway.

8. Defendant charges a premium for its "natural clean" Wipes, which are sold on store shelves alongside non-natural standard wipe offerings. The only reason consumers purchase the Wipes over the non-natural alternatives is on account of Defendant's representation that the Wipes are "natural."

---

[1] http://www.fda.gov/newsevents/newsroom/pressannouncements/ucm116900.htm

[2] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care

CLASS ACTION COMPLAINT                                                           2

9. This is a proposed class action brought by Plaintiff, on behalf of a class of similarly situated individuals, against Defendant for breach of express warranty, unjust enrichment, and violations of California consumer protection laws.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Wipes to at least hundreds of locations within this County and thousands of retail locations throughout California, where the Wipes are purchased by thousands of consumers every day.

11. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

12. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Wipes, occurred within this District.

## PARTIES

13. Plaintiff Veronica Brenner is an individual consumer who, at all times material hereto, was a citizen of California. Plaintiff has purchased Pampers "natural clean" Wipes from a Target store located in Rancho Santa Margarita, California on many occasions since May 2015 for approximately $5.99. In purchasing the Wipes,

1  Plaintiff relied on Defendant's false, misleading, and deceptive representation that
2  the Wipes provided only a "natural clean," which was depicted on a green package
3  alongside images and flowers and leaves.  Plaintiff understood this representation to
4  mean that the Wipes did not contain synthetic chemicals and, at the very least, would
5  not contain chemicals which were potentially harmful to her child.   Had Plaintiff
6  known the truth that the statements she relied on were false, misleading, deceptive,
7  and unfair; she would have not purchased the Wipes.
8      14.   Defendant Procter & Gamble Co. is incorporated in the State of Ohio,
9  with a principal place of business at One Procter & Gamble Plaza Cincinnati, Ohio
10 45202.
11     15.   Defendant manufactures, markets, and distributes the Wipes throughout
12 California and the United States.

### CLASS ALLEGATIONS

16.   Plaintiff seeks to represent a class defined as all persons in the United States who purchased Pampers "natural clean" Wipes (the "Class").  Excluded from the Class are persons who made such purchases for purpose of resale.

17.   Plaintiff also seeks to represent a Subclass of all Class Members who purchased the Wipes in California (the "California Subclass").

18.   At this time, Plaintiff does not know the exact number of members of the Class and California Subclass; however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Wipes, Plaintiff believes that Class and California Subclass members are so numerous that joinder of all members is impracticable.

19.   There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

       a.     whether Defendant misrepresented and/or failed to disclose material facts concerning the Wipes;

       b.     whether Defendant's conduct was unfair and/or deceptive;

       c.     whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

       d.     whether Defendant breached express warranties to Plaintiff and the Class;

       e.     whether Plaintiff and the Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

20. With respect to the California Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include:

       a.     whether, in violation of California Civil Code § 1770(a)(7), Defendant advertised the Wipes with the intent not to sell them as advertised;

       b.     whether, in violation of California Civil Code § 1770(a)(5), Defendant represented that the Wipes had characteristics, uses, or benefits which they did not have;

       c.     whether, in violation of California Civil Code § 1770(a)(9), Defendant represented on packaging for the Wipes that they had characteristics, ingredients, uses, or benefits that they do not have;

       d.     whether Defendant is subject to liability for violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-I784;

       e.     whether Defendant has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210;

f. whether Defendant has violated California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17536; and

g. whether the California Subclass is entitled to an award of restitution pursuant to California Business and Professions Code § 17203.

21. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendant's Wipes bearing the natural representations and Plaintiff sustained damages from Defendant's wrongful conduct.

22. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class or the California Subclass.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class and the California Subclass, thereby making appropriate equitable relief with respect to the Class and the California Subclass as a whole.

25. The prosecution of separate actions by members of the Class and the California Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the California Subclass even where certain Class members are not parties to such actions.

# CAUSES OF ACTION

## COUNT I

### (Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)

26. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

27. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

28. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

29. Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Wipes for personal, family, or household purposes.

30. Plaintiff, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

31. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

32. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that the Wipes were natural when they contained unnatural and potentially harmful chemicals.

33. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

34. CLRA § 1782 NOTICE. On April 15, 2016, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant has failed to comply with the letter. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violations of California's False Advertising Law)

35. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

36. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

37. As alleged more fully above, Defendant has falsely advertised the Wipes by falsely claiming that they are natural when they are not.

38. Plaintiff and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq*.

## COUNT III
### (Violation California's Unfair Competition Law)

39. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

40. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

41. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

42. Defendant has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

    (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

    (b) its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above.

43. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

44. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Wipes is likely to deceive reasonable consumers. Indeed, Plaintiff and the other members of the California Subclass were unquestionably deceived regarding the natural benefits of the Wipes, as Defendant's marketing, advertising, packaging, and labeling of the Wipes misrepresent and/or omit the true facts concerning the benefits of the Wipes. Said acts are fraudulent business practices.

45. Defendant's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

46. Plaintiff and the other California Subclass members suffered a substantial injury by virtue of buying the Wipes that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price for the

unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Wipes.

47. There is no benefit to consumers or competition from deceptively marketing and labeling the Wipes, which purport to be natural, when this unqualified claims is false.

48. Plaintiff and the other California Subclass members had no way of reasonably knowing that the Wipes they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

49. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the California Subclass.

50. Defendant's violations of the UCL continue to this day.

51. Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

    (a) provide restitution to Plaintiff and the other California Subclass members;

    (b) disgorge all revenues obtained as a result of violations of the UCL; and

    (c) pay Plaintiff's and the California Subclass' attorney's fees and costs.

## COUNT IV
### (Unjust Enrichment)

52. Plaintiff repeats the allegations contained in the paragraphs above as if

fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the members of the Class and California Subclass against Defendant.

54. Plaintiff and members of the Class and California Subclass conferred benefits on Defendant by purchasing the Wipes.

55. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class and California Subclass members' purchases of the Wipes. Retention of those monies under these circumstances is unjust and inequitable because of Defendant's misrepresentations about the Wipes, which caused injuries to Plaintiff and members of the Class and California Subclass because they would not have purchased the Wipes if the true facts had been known.

56. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class and California Subclass is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class and California Subclass for their unjust enrichment, as ordered by the Court.

## COUNT V
### (Breach of Express Warranty, U.C.C. § 2-313)

57. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

58. Plaintiff brings this claim individually and on behalf of members of the Class and California Subclass against Defendant.

59. In connection with the sale of the Wipes, Defendant issued written warranties. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller expressly warranted that the Wipes were natural.

60. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Wipes, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating

an express warranty that the Wipes would conform to those affirmations of fact, representations, promises, and descriptions.

61.     The Wipes do not conform to the express warranties because they contain ingredients that are unnatural and potentially harmful.

62.     Plaintiff and members of the Class were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Wipes if they had known the truth about their unnatural and potentially harmful ingredients; (b) they paid a price premium for the Wipes based on Defendant's express warranties; and (c) the Wipes did not have the characteristics, uses, or benefits as promised.

63.     As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Wipes or in the difference in value between the Wipes as warranted and the Wipes as sold.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of herself and members of the Class and California Subclass as follows:

A.  For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and California Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and California Subclass members;

B.  For an order declaring that Defendant's conduct violates the statutes referenced herein;

C.  For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

D.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.  For injunctive relief enjoining the illegals acts detailed herein;

F. For prejudgment interest on all amounts awarded;

G. For an order of restitution and all other forms of equitable monetary relief;

H. For an order awarding Plaintiff and the Class and California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 13, 2016         Respectfully submitted,

**BURSOR & FISHER, P.A.**


By:      */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com


**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Veronica Brenner, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3. While living in California, I purchased Pampers "natural clean" Wipes (the "Wipes") from a Target store located in Rancho Santa Margarita, California for approximately $5.99. In purchasing the Wipes, I relied on Defendant's representation that the Wipes provided only a "natural clean," which was depicted on a green package alongside images and flowers and leaves. I understood this representation to mean that the Wipes did not contain synthetic chemicals and, at the very least, would not contain chemicals which were potentially harmful to my child. This representation was a substantial factor influencing my decision to purchase the Wipes. I would not have purchased the Wipes had I known that this representation was false and misleading.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on June 2, 2016 at Coto de Caza, California.

_____
Veronica Brenner