1  **BURSOR & FISHER, P.A**.
2  L. Timothy Fisher (SBN 191626)
   Joel D. Smith (State Bar No. 244902)
3  1990 North California Blvd., Suite 940
   Walnut Creek, CA 94596
4  Telephone: (925) 300-4455
   Facsimile: (925) 407-2700
5  ltfisher@bursor.com
   jsmith@bursor.com
6  *Counsel for Plaintiff*

7
   **HUNTON & WILLIAMS LLP**
8  Ann Marie Mortimer (SBN 169077)
   amortimer@hunton.com
9  550 South Hope Street, Suite 2000
   Los Angeles, CA  90071
10 Telephone:  (213) 532-2000
11 Facsimile:   (213) 532-2020

12 Samuel A. Danon (*pro hac vice*)
   sdanon@hunton.com
13 Douglas C. Dreier (*pro hac vice*)
   ddreier@hunton.com
14 1111 Brickell Ave., Suite 2500
15 Miami, Florida 33131
   Telephone: (305) 810-2500
16 Facsimile:  (305) 810-2460

17 *Counsel for Defendant*

18 *(additional counsel appear on signature page)*

19              **UNITED STATES DISTRICT COURT**

20              **CENTRAL DISTRICT OF CALIFORNIA**

21 VERONICA BRENNER, on behalf of          Case No. 8:16-cv-1093 JLS-JCG
22 herself and all others similarly situated,

23                                          **JOINT RULE 26(f) REPORT**
                    Plaintiff,
24          v.

25 PROCTER & GAMBLE CO.,                    Hon. Josephine L. Staton
26
                    Defendant.
27

28

JOINT RULE 26(f) REPORT
CASE NO. 8:16-cv-01093-JLS-JCG

Plaintiff Veronica Brenner ("Plaintiff") and Defendant The Procter & Gamble Company ("Defendant") submit this Joint Rule 26(f) report pursuant to the Court's August 15, 2016 Order (Dkt. No. 16), Fed. R. Civ. P. 26(f), and Local Rule 26-1.

## A. Statement of the Case:

*Plaintiff's Statement:*

This is a class action on behalf of purchasers of Pampers "natural clean" wipes (the "Wipes"). *See* Complaint ("Compl.") ¶ 3. "Defendant charges a premium for its "natural clean" Wipes, which are sold on store shelves alongside non-natural standard wipe offerings. The only reason consumers purchase the Wipes over the non-natural alternatives is on account of Defendant's representation that the Wipes are 'natural.'" *Id.* ¶ 8.

Unfortunately for consumers, however, Defendant's representations are "false and misleading. The Wipes are not natural because they contain an unnatural and potentially harmful ingredient called phenoxyethanol, which 'can depress the central nervous system and may cause vomiting and diarrhea, which can lead to dehydration in infants" according to the Food and Drug Administration ('FDA')." *Id.* ¶ 4[1]

"That is not all. In May 2012, the Agence Nationale de Sécurité du Médicament et des Produits de Santé (French National Agency for Medicines and Health Wipes Safety) ("ANSM") published a report recommending that phenoxyethanol should be 'avoid[ed] … in cosmetic Wipes intended for the nappy area' for 'infants under the age of three years' due to concerns of reproductive and developmental toxicity." *Id.* ¶ 5.

"At the very least, it is clear than phenoxyethanol is *not* a natural chemical. In April 2016, the Federal Trade Commission filed complaints against two cosmetics manufacturers for representing that their products were "natural" when they

---

[1] Citing
http://www.fda.gov/newsevents/newsroom/pressannouncements/ucm116900.htm.

contained phenoxyethanol. Both companies agreed to cease marketing the products in question as being 'natural.'"  *Id.* ¶ 6.

Plaintiff asserts claims for breach of express warranty, unjust enrichment, and violation of California's consumer protection laws, on behalf of herself and similarly situated purchasers of the Wipes.

*Defendant's Statement:*

A full statement of the case appears in Defendant's Motion to Dismiss or Stay (ECF No. 12).  Pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*, the FDA has comprehensive and exclusive authority to regulate cosmetics, such as baby wipes and the Natural Clean wipes.  Plaintiff alleges she purchased the Natural Clean wipes from Target "on many occasions since May 2015."  Compl. ¶ 13.  Plaintiff contends that she understood "Natural Clean" to "mean that the Wipes did not contain synthetic chemicals and, at the very least, would not contain chemicals that were potentially harmful to her child."  *Id.* Plaintiff offers no support for her own subjective, varying and idiosyncratic definitions of "Natural Clean" but, nonetheless, urges this Court to disregard the FDA's critical role in setting uniform and consistent regulatory standards on labeled products, and thereby make Plaintiff the arbiter of the legal meaning of "natural." Even before she purchased her first Natural Clean wipe, Plaintiff had *twice* brought purported class action lawsuits in which she made identical claims against baby wipe manufacturer Kimberly-Clark Corp. as those alleged here.  In those cases, as here, Plaintiff alleged that "[n]o consumer would reasonably expect a 'pure & natural' offering to contain such unnatural and potentially harmful ingredients."

Plaintiff seeks to represent a class of "all persons in the United States who purchased Pampers 'natural clean' Wipes," excluding those persons who made such purchases for purpose of resale.  Compl. ¶ 16.  Plaintiff brings five claims: (1) California Consumers Legal Remedies Act, (2) California's False Advertising Law,

(3) California's Unfair Competition Law, (4) unjust enrichment, and (5) breach of express warranty. Plaintiff has not, and cannot, allege reasonable reliance on the meaning of "natural clean" in the trade name Natural Wipes, and has no damages from the use of that term, since the wipes functioned for their intended purpose.

**B. Legal Issues:**

*Plaintiff's Position:*

1.  Whether Plaintiff has plausibly alleged that she was deceived by, and injured as a result of, Defendant's representations; and

2.  Whether class certification is proper in this matter.

*Defendant's Position:*

1.  Whether Plaintiff suffered any compensable damages.

2.  Whether Plaintiff lacks standing due to her failure to satisfy the reliance element of her claims.

3.  Whether Plaintiff lacks standing to pursue injunctive relief.

4.  Whether the reasonable consumer would be misled by the "Natural Clean" trade name.

5.  Whether the "Natural Clean" trade name is an express warranty.

6.  Whether Plaintiff can bring a claim for unjust enrichment, given that California law does provide for such a claim.

7.  Whether Plaintiff has stated a claim for quasi-contract.

8.  Whether this case should be stayed pursuant to the doctrine of primary jurisdiction.

9.  Whether this case should be stayed pending the Ninth Circuit's decisions in *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir.) and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir.), which will provide important guidance on key legal issues directly implicated by this action, including standing, ascertainability and

damages.

10. Whether class certification is proper in this matter.

**C. <u>Damages:</u>**

<u>*Plaintiff's Statement:*</u>

Because discovery has not yet begun, Plaintiff cannot provide a complete damages calculation at this time. Plaintiff anticipates use of expert testimony in conjunction with sales data to be obtained from Defendant and third parties through discovery to arrive at a complete damages calculation at the proper time. However, Plaintiff estimates that damages likely total in the tens or hundreds of millions of dollars given the widespread sale of Pampers "natural clean" wipes during the class period.

<u>*Defendant's Statement:*</u>

Defendant denies that Plaintiff and putative class members have suffered any damages. Defendant is not currently seeking damages against Plaintiff, but Defendant reserves the right to do so.

**D. Insurance:**

Defendant does not have an insurance policy that covers this action.

**E. Motions:**

<u>*Plaintiff's Statement:*</u>

Plaintiff anticipates moving for class certification as soon as practicable, after discovery begins. The Court has approved the parties' stipulation that the time requirements of Local Rule 23-3 shall not apply in this action. Plaintiff proposes the following briefing schedule for her class certification motion:

Motion:       September 5, 2017

Opposition: October 6, 2017

Reply:        November 6, 2017

Hearing:     November 17, 2017

*Defendant's Statement:*

A hearing on Defendant's Motion to Dismiss or Stay was held on September 30, 2016.  Defendant believes a stay is appropriate pursuant to its motion; however, if Defendant's motion is denied, Defendant does not object to Plaintiff's proposed class certification briefing schedule.  If Defendant's motion is denied, Defendant also anticipates moving for summary judgment.   Defendant agrees with Plaintiff's proposed class certification briefing schedule.

**F.  Manual for Complex Litigation:**

The parties agree that the Manual for Complex Litigation may be used in this case as a reference tool.

**G. Status of Discovery:**

Discovery has not yet begun.  On September 26, 2016, Plaintiff served her First Set of Requests for Production and First Set of Interrogatories on Defendant.

**H. Discovery Plan:**

**1.  Timing, Form or Requirement for Disclosures Under Rule 26(a)**

The parties will exchange initial disclosures in accordance with the deadline set forth in Fed. R. Civ. P. 26(a).

**2.  Subjects on Which Discovery Will be Sought**

*Plaintiff's Statement*:

Plaintiff intends to seek discovery regarding, among other things: (i) the number of units sold during the class period; (ii) the amount of revenue derived by Defendant from the sales of the product; (iii) the content of Defendant's advertisements, marketing materials, and other public statements; (iv) exemplars of product packaging throughout the class period; (v) organizing documents for each entity involved in the marketing or sales of the product, including organizational charts, board meeting minutes, operating agreements, employee contracts, etc.; (vi) studies, trials, or any purported basis for Defendant's statements regarding the

composition of the product; (vii) individuals consulted regarding the development of the product; (viii) customer complaints regarding the product; (ix) Defendant's refund policies and practices; and (x) experts and evidence on which Defendant relies.

> *Defendant's Statement*:

Defendant intends to seek discovery regarding, inter alia: (i) Plaintiff's prior "natural" litigation; (ii) Plaintiff's alleged purchases of the wipes; (iii) Plaintiff's purported ability and fitness to serve as a class representative; and (iv) purported damages.

### 3.  Deadlines for Completion of Discovery

*Plaintiff's Statement:*

Plaintiff proposes a deadline for completion of fact discovery on November 22, 2017, one week after the hearing on her motion for class certification.  Thereafter, Plaintiff proposes a deadline for completion of expert discovery on February 20, 2018.

Plaintiff does not request or see any reason to phase discovery at this time because class certification and merits discovery overlap, and the phasing of discovery would likely lead to inefficiencies and unnecessary discovery disputes as to the permissible topics and scope of discovery pre-certification.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52  (2011) ("Frequently that 'rigorous analysis' will entail some overlaps with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.") (internal citations omitted); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.").  Any phasing of discovery

will require the need for multiple rounds of discovery requests, document review, and depositions.  Particularly here, where Defendant's proposed schedule still requires fact discovery to take place before class certification is briefed, phasing of discovery would be needlessly duplicative and costly with no added benefit.

*Defendant's Statement:*

Defendant believes this case should be stayed for the reasons in its Motion to Dismiss or Stay.  If that motion is denied, Defendant believes that discovery for issues other than the propriety of class certification should take place after class certification discovery occurs.  Defendant generally agrees with Plaintiff's proposed deadlines, provided however that experts relied on in Plaintiff's Motion for Class Certification are identified by August 22, 2017 and provided that any such experts will be deposed no later than September 12, 2017; Defendant would identify any experts relied on in Defendant's Opposition to Plaintiff's Motion for Class Certification by September 22, 2017, with depositions of said experts no later than October 13, 2017.

## 4. Issues About Disclosure or Discovery of Electronically Stored Information ("ESI")

The parties will meet and confer regarding an ESI protocol.  If the parties are unable to reach an agreement, they will raise the issue with the Court.

## 5. Privilege Issues

The parties do not anticipate any unusual privilege and/or protection issues. Any party withholding any documents or information based on the assertion of a privilege shall serve a privilege log that complies with the requirements of the Federal Rules of Civil Procedure within 14 days after completing the production of documents responsive to the document request to which the privilege was asserted. The parties agree that a privilege log will not be required for attorney-client privileged communications between any of their parties and their outside counsel.

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection ("<u>Privileged Material</u>"), including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

a. The inadvertent disclosure of Privileged Material which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Material shall not waive any privilege with respect to such disclosures or the subject matters contained therein, either in this action or any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d).

b. If any such information or document is inadvertently produced, then the receiving party agrees that, upon request of producing party, it will promptly return all copies of the information or documents in their possession, delete any versions of the information or documents on any database that they maintain and make no use of such information or documents, provided, however, the receiving party thereafter shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or immunity from production.

c. If the receiving party identifies any Privileged Material in the production, the receiving party shall immediately return or destroy the document. If the receiving party identifies any potentially Privileged Material or information in the production, it shall promptly notify producing party of the disclosure.

**6. Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure**

The parties agree that at this time there should be no changes to the Federal and Local Rules regarding discovery.  The parties may seek an order from the Court altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules if the need to do so arises.

### 7.  Other Discovery Issues

The parties anticipate entering into a stipulated protective order that will be submitted to the Magistrate Judge assigned to this case for review and approval.

### 8.  Electronic Service of Discovery

Pursuant to Rule 5(b)(2)(E), the parties have agreed to consent to service by electronic means with respect to discovery.

### I.  Discovery Cut-off:

The parties propose that all discovery be completed by February 20, 2018.

### J.  Dispositive Motions:

Plaintiff does not currently intend to file any dispositive motions in this action.

Defendant have filed one dispositive motion to dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).  If that motion is denied, Defendant anticipates it will move for summary judgment.

### K. Settlement:

Prior to the filing of this lawsuit, the parties engaged in settlement discussions. Pursuant to Local Rule 16-15, the parties have agreed to utilize ADR procedure No. 2 (Court Mediation Panel).

### L.  Trial Estimate:

The trial will be by jury and the parties estimate that the trial will take approximately 7-10 court days.   Plaintiff anticipates calling at least 4 witnesses, however, this number may change once the parties begin discovery.   Defendant anticipates calling at least 4 witnesses.

### M. Trial Counsel:

| | |
|---|---|
| For Plaintiff: | L. Timothy Fisher and Scott A. Bursor of Bursor & Fisher, P.A. |
| For Defendant: | Ann Marie Mortimer and Samuel A. Danon of Hunton & Williams, LLP. |

**N. <u>Independent Expert or Master</u>:**

The parties do not believe that appointment of an independent expert or master is necessary at this time.

**O. <u>Other Issues</u>:**

None.

Dated: September 30, 2016                    **BURSOR & FISHER, P.A.**

By:_____*/s/ L. Timothy Fisher*_____
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
ltfisher@bursor.com
jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

**HUNTON & WILLIAMS LLP**

By:_____*/s/ Ann Marie Mortimer*_____
                Ann Marie Mortimer

Ann Marie Mortimer (SBN 169077)
amortimer@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, CA  90071
Telephone:  (213) 532-2000
Facsimile:   (213) 532-2020

Samuel A. Danon (*pro hac vice*)
sdanon@hunton.com
Douglas C. Dreier (*pro hac vice*)
ddreier@hunton.com
1111 Brickell Ave., Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile:  (305) 810-2460

*Counsel for Defendant*


## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)

Pursuant to Local Rule 5-4.3.4(a)(2) of the Central District of California, I attest that I have concurrence in the filing of this document.


By:  */s/ L. Timothy Fisher*
        L. Timothy Fisher

## EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Weeks Before Trial[2] | Plaintiff(s) Request | Defendant(s) Request[3] |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) Days | 60 days after ruling on motion to dismiss | 60 days after ruling on motion to dismiss |
| Motion for Class Certification | | September 5, 2017 | September 5, 2017 |
| Class Certification Opposition | | October 6, 2017 | October 6, 2017 |
| Class Certification Reply | | November 6, 2017 | November 6, 2017 |
| Fact Discovery Cut-Off | | November 22, 2017 | November 22, 2017 |
| Last Day to Serve Initial Expert Reports | | December 19, 2017 | December 19, 2017 |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine) | | ---------------------- | ---------------------- |
| Last Day to Serve Rebuttal Expert Reports | | January 16, 2018 | January 16, 2018 |
| Last Day to Conduct Settlement Proceedings | | November 21, 2017 | November 21, 2017 |
| Expert Discovery Cut-Off | | February 20, 2018 | February 20, 2018 |

[2]   The parties have deviated from the Court's template to propose dates that would allow for the filing of dispositive motions following the close of fact and expert discovery.

[3]   Defendant believes this case should be stayed pursuant to its Motion to Dismiss or Stay; Defendant offers these dates in the event that this motion is denied.

| Matter | Weeks Before Trial[2] | Plaintiff(s) Request | Defendant(s) Request[3] |
|---|---|---|---|
| Last Day to File *Daubert* and dispositive Motions | Expert Discovery Cut-Off Date plus seven (7) days | February 27, 2018 | February 27, 2018 |
| Last Day to File Motions in Limine (excluding *Daubert* Motions) | Final Pre-Trial Conference Date less twenty-eight (28) days | March 29, 2018 | March 29, 2018 |
| Final Pre-Trial Conference (**Friday at 1:30 p.m.**) | 3 | April 27, 2018 | April 27, 2018 |
| Last Day to File Proposed Finding of Facts and Conclusions of Law (if Court trial) | 1 | Plaintiff has demanded a jury trial. | Plaintiff has demanded a jury trial. |
| Exhibit Conference (**Friday at 3:30 p.m.**) | Friday before trial | May, 18, 2018 | May, 18, 2018 |
| Trial: Jury or Court (**Tuesday at 9 a.m.**) | | May 22, 2018 | May 22, 2018 |