1  **BURSOR & FISHER, P.A**.
2  L. Timothy Fisher (SBN 191626)
   1990 North California Blvd., Suite 940
3  Walnut Creek, CA 94596
   Telephone: (925) 300-4455
   Facsimile: (925) 407-2700
4  ltfisher@bursor.com

5  *Counsel for Plaintiff*
   *(additional counsel appear on signature page)*
6
7  **HUNTON & WILLIAMS LLP**
   Ann Marie Mortimer (SBN 169077)
   amortimer@hunton.com
8  550 South Hope Street, Suite 2000
   Los Angeles, CA  90071
9  Telephone:   (213) 532-2000
   Facsimile:   (213) 532-2020
10
11 Samuel A. Danon (*pro hac vice*)
   sdanon@hunton.com
   1111 Brickell Ave., Suite 2500
12 Miami, Florida 33131
   Telephone: (305) 810-2500
13 Facsimile:  (305) 810-2460

14 *Counsel for Defendant*

15

16                  **UNITED STATES DISTRICT COURT**

17                  **CENTRAL DISTRICT OF CALIFORNIA**

18

19 VERONICA BRENNER, on behalf of        Case No. 8:16-cv-1093 JLS-JCG
   herself and all others similarly situated,
20                                        **[DISCOVERY MATTER]**
                               Plaintiff,
21                                        **STIPULATED PROTECTIVE**
              v.                          **ORDER**
22
23 PROCTER & GAMBLE CO.,
24                             Defendant.  Hon. Jay C. Gandhi
25
26
27
28

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of the Litigation by or on behalf of any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery and disclosure materials in the Litigation:

1.     **Good Cause Statement:**  This action is likely to involve trade secrets, customer and pricing lists and/or other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information potentially implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is

the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.   Applicability of Order:**   This Order governs the handling of documents,  depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, disclosure of information and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of, a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material").

**3.**   As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action or its affiliates that give testimony or produce documents or other information, "Receiving Party" shall refer to the parties to this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 12 and 13 of this Order to obtain access to Confidential Material, Highly Confidential Material, or the contents of such Material.

**4.**   All Discovery Material and information produced by the Producing Party, other than documents or information already in the public domain, or which hereafter become part of the public domain not in violation of this Order, shall be used only in the Litigation, and shall not be disclosed further without the consent of the Producing Party, or Order of this Court.  For purposes of this Order, a "party" means any entity originally named as a defendant or plaintiff, or subsequently named as a defendant, plaintiff, third-party defendant or plaintiff, counterclaim defendant or plaintiff, or third party producing documents in this action or any civil action that has been or will be consolidated in the Litigation.

**5.     Designation of Material**:   Any Producing Party may designate Discovery Material that is in its possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in Sections 6 and 7 below (hereinafter "Confidential Material" or "Highly Confidential Material").

**6.     Cross-Designation**: A party may cross-designate as "Confidential" or "Highly Confidential" a document that is in the possession of and produced by another party or a non-party to the extent that the document contains "Confidential" or "Highly Confidential" information of that party or its affiliates.   The Cross-Designating party must do so by notifying counsel of record for all parties to this action in writing of the production numbers of any document it cross-designates within thirty (30) days of learning that the document was produced without a "Confidential" or "Highly Confidential" designation; however, such cross-designation of any document need not be made if the Producing Party already has designated that document as "Confidential" or "Highly Confidential."  If a Producing Party produces a document without such legend and a Cross-Designating Party cross-designates that, then the Producing Party shall produce the document again with the appropriate legend, and counsel for all parties will make a good faith effort to locate and destroy all copies of the document without such legend.  With respect to documents so designated, the Cross-Designating party shall be treated as a Producing Party for purposes of the rights and obligations set out in this Order.

**7.     Exercise of Restraint and Care in Designating Material for Protection:**   Each Producing Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific document, interrogatory response, deposition testimony or other Discovery Material that qualifies under the appropriate standards.

**8.    Confidential Material**:   For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to: (i) trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7), or (ii) Protected Data (defined below).

> a.    **Protected Data**:  Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

**7.    Highly Confidential Material**:  For purposes of this Order, Highly Confidential Material is any Protected Data and/or Confidential Material as defined in Section 6 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party or Producing Party's customers or business partners.

**9.    Designating Confidential Material or Highly Confidential Material**: The designation of Discovery Material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner:

**a.      Documents**: (i) When a Producing Party provides copies of documents, counsel for the Producing Party will place the following legend on each page of any such document: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY."  If a Producing Party produces a document without such legend and a Cross-Designating Party cross-designates that document pursuant to the provisions of Section 4 above, then the Producing Party shall produce the document again with the appropriate legend, and counsel for all parties will make a good faith effort to locate and destroy all copies of the document without such legend.  (ii) Where a Producing Party allows the inspection of documents, those documents shall be treated, but not marked, as Highly Confidential Information under this Order. Furthermore, a Producing Party does not waive any claim of attorney client privilege, work product protection, or any other applicable privilege by allowing inspection of documents.  The inspecting party shall tag all documents it seeks to receive copies of.  The Producing Party will then review the documents sought by the inspecting party for privilege, and shall follow the procedure provided above in Section 3 for designating documents it produces copies of Confidential or Highly Confidential, and any legend attached to a document so produced shall control.  If the Producing Party withholds any documents inspected based upon privilege, the Producing Party will supply a privilege log as set forth in the Court's Case Management Order.

**b.      Deposition and Other Proceedings**: Counsel for the Producing Party, Cross-Designating Party, or a witness producing such information will identify on the record the portions of the transcript (including exhibits) that contain Confidential Information or Highly

Confidential Information or will submit a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available; provided, however, that the failure to make any oral or written identification of deposition exhibits that have already been designated as Confidential or Highly Confidential shall not waive the prior designation of such exhibits.  All deposition testimony will be treated as Confidential for 30 days following the receipt of the deposition transcript.  If a confidentiality designation is made during the course of the deposition, the reporter shall place an appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" legend on the front cover of the transcript and at the beginning and end of any portions of the transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY."  If a Confidential or Highly Confidential document is used as an exhibit at the deposition, all testimony related to that exhibit shall automatically be treated as Confidential or Highly Confidential without need for designation during the course of the deposition or subsequently by letter.  The entire deposition transcript shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period of designation by letter, except that the deponent may review the transcript during the 30-day period.  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION/ATTORNEY'S EYES ONLY;" and "Designated

parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the videocassette, other videotape container or DVD shall be labeled with these legends.

c. **Interrogatory Answers and Responses to Requests for Admissions**: Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "Confidential" or "Highly Confidential." In addition, counsel for the Producing Party will place the following legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION/ATTORNEY'S EYES ONLY;" and "Designated parts not to be used, copied or disclosed except as authorized by Court Order."

d. **Electronic Data**: "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). The parties will address the Confidential or Highly Confidential designation of Electronic Data as part of the protocol to be agreed upon with respect to the production of Electronic Data.

e. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain

information designated "Confidential" or "Highly Confidential" that party and its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Highly Confidential Information.

        f.     **Documents and materials filed with the Clerk**:  Any Confidential Information or Highly Confidential Information filed with the Clerk shall be filed under seal using the procedures set out in L.R. 79-5.2.1 .

        g.     Each document filed under seal may be returned to the party which filed it (i) if no appeal is taken, within ninety days after an order of dismissal of the action in its entirety with prejudice is entered or a final judgment is rendered, or (ii) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Producing Party or the party that filed the sealed document (if not the same as the Producing Party) upon request within two years after the final resolution of this litigation, or take any other action with respect to the document as the Clerk deems appropriate.  Regardless of any provision in this Order to the contrary, a designating party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

    **9.**    **Inadvertent Disclosure**:  The inadvertent failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a

waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.

**10.   Copies**: The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made.  The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.   In the event that the Receiving Party receives notice in accordance with Section 9 of this Order that Discovery Material was inadvertently disclosed without being designated as Confidential or Highly Confidential Material, the Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons authorized to receive Confidential or Highly Confidential Material (as the case may be), and are at all times handled and used only in the manner that this Order permits or requires Confidential or Highly Confidential Material (as the case may be) to be handled and used.

**11.   Notes of Confidential Material or Highly Confidential Material**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, or any other form of information (including electronic form), that quote from, paraphrase, copy

or disclose Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Protective Order.

**12.**      **Persons Authorized to Receive Confidential Material**:  Discovery Material designated "Confidential" or its contents may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.      Counsel (including members and associates of counsel in private law firms) and in-house counsel for the parties and their affiliates, as well as their paralegal, investigative, technical, secretarial and other personnel who are engaged in assisting them in this litigation;

b.      The current and former officers, directors, or employees of the Producing Party and the Receiving Party and their affiliates to whom disclosure is reasonably necessary for the prosecution or defense of the Litigation;

c.      Plaintiffs, to the extent disclosure is reasonably necessary for the prosecution or defense of the Litigation provided that the Plaintiffs are provided with a copy of this Order and has executed an Agreement of Confidentiality in the form attached hereto as Exhibit A;

d.      Outside photocopying, document storage, document management, data processing, graphic production or translating services employed or retained by the parties or their counsel to assist in this litigation, provided that such services are provided with a copy of this

Order and have executed an Agreement of Confidentiality in the form attached hereto as Exhibit A;

e.      Any deponent, provided that the deponent is provided with a copy of this Order and has executed an Agreement of Confidentiality in the form attached hereto as Exhibit A;

f.      Any outside expert, consultant or investigator (and necessary employees of such expert, consultant, or investigator) retained by counsel for the purposes of consulting or testifying in this litigation, provided that such persons are provided with a copy of this Order and have executed a Confidentiality Agreement in the form attached hereto as Exhibit A;

g.      Any natural person who (i) authored, received or otherwise has been provided access to (in the ordinary course, outside this action) the Confidential Information sought to be disclosed to that person, provided that the person is not permitted to take notes of the substance of the Confidential Information or otherwise retain the Confidential Information and that the person is advised that the information is Confidential and subject to a protective order; or (ii) is mentioned, discussed or referred to in the material, but only as to the specific material in which such person is mentioned, discussed or referred to, provided that the person is not permitted to take notes of the substance of the Confidential Information or otherwise retain the Confidential Information, and that the person is advised that the information is Confidential and subject to a protective order, and orally agrees to be bound by this Order;

h.      This Court, any other Court exercising jurisdiction over this litigation or any litigation in bankruptcy court between the same

parties and concerning the same claims, appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) translating, recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

i.      Any other person to whom the Producing or Cross-Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.  Notwithstanding the terms of this Protective Order, a Producing Party can disclose to any person it sees fit information it has designated or cross-designated (pursuant to Sections 3 or 4) Confidential, as long as it has not been designated as Confidential or Highly Confidential by another party;

j.      Mock jurors for their use in a mock exercise, provided that: (i) mock jurors execute a Confidentiality Undertaking; (ii) mock jurors identify any present or former relationship with any known competitor of Defendants and any current or past employment or consultation within the technical field of the present matter, and if any such relationships or commitments are identified, those mock jurors shall be excluded from the mock jury exercises; (iii) digital assistants, cameras, or cell phones during any mock jury exercise; and (iv) any notes made by a mock juror during the exercise will be collected at the conclusion of each day and at the conclusion of the exercise.

**13.     Persons Authorized to Receive Highly Confidential Material**: Except  as specifically provided for in this or subsequent Court orders, Highly Confidential Material or its contents shall not be disclosed, summarized, described,

characterized or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

      a.    Counsel (including members and associates of such counsel's firm), as well as their paralegal, investigative, technical, secretarial and other personnel who are engaged in assisting them in this litigation;

      b.    The current and former officers, directors, or employees of the Producing Party and its affiliates to whom disclosure is reasonably necessary for the prosecution or defense of the Litigation

      c.    Outside photocopying, document storage, data processing, graphic production or translating services employed or retained by the parties or their counsel to assist in this litigation, provided that such services have been provided with a copy of this Order and have executed a Confidentiality Agreement;

      d.    Any outside expert, consultant or investigator (and necessary employees of such expert, consultant, or investigator) retained by counsel for the purposes of consulting or testifying in this litigation, provided that such persons are provided with a copy of this Order and have executed a Confidentiality Agreement;  Any natural person who (i) authored, received or otherwise has been provided access to (in the ordinary course, outside this action) the Highly Confidential Information sought to be disclosed to that person, provided that the person is not permitted to take notes of the substance of the Highly Confidential Information or otherwise retain the Highly Confidential Information, and that the person is advised that the information is Highly Confidential, and subject to a protective order; or (ii) is mentioned, discussed or referred to in the material, but only as to the

specific material in which such person is mentioned, discussed or referred to, provided that the person is not permitted to take notes of the substance of the Highly Confidential Information or otherwise retain the Highly Confidential Information, and provided that with respect to (ii), such persons are provided with a copy of this Order and have executed a Confidentiality Agreement;

e.      This Court, any other Court exercising jurisdiction over this litigation or any litigation in bankruptcy court between the same parties and concerning the same claims, appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) translating, recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

f.      Any other person to whom the Producing or Cross-Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Highly Confidential Information.  Notwithstanding the terms of this Protective Order, a Producing Party can disclose to any person it sees fit information it has designated or cross-designated (pursuant to the provisions of Sections 3 or 4) Highly Confidential, as long as it has not been designated as Confidential or Highly Confidential by another party;

g.      Mock jurors for their use in a mock exercise, provided that: (i) mock jurors execute a Confidentiality Undertaking; (ii) mock jurors identify any present or former relationship with any known competitor of Defendants and any current or past employment or consultation within the technical field of the present matter, and if any such relationships or commitments are identified, those mock jurors shall be

excluded from the mock jury exercises; (iii) all such "attorney's eyes only" information used will be displayed, but not distributed to the mock jurors in a handout; (iv) mock jurors will not be allowed to use computers, personal digital assistants, cameras, or cell phones during any mock jury exercise; and (v) any notes made by a mock juror during the exercise will be collected at the conclusion of each day and at the conclusion of the exercise.

**14.   Exclusion of Individuals From Depositions**:  Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential, but only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

**15.   Storage Of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**16.   Use During Depositions and Pre-Trial Hearings**.

a.   At the beginning of any deposition or pre-trial hearing in this matter during the course of which Confidential or Highly Confidential Information may be disclosed to the witness and/or the witness' attorney, the disclosing party shall inquire whether the witness and/or the witness' attorney have been provided with a copy of this

Order and, if the witness and/or the witness' attorney have not been, the disclosing party shall provide the witness and/or the witness' attorney with a copy.  If pursuant to the provisions of Sections 12 and/or 13 of this Order disclosure of the Information to the witness is not permitted absent the witness' oral agreement to be bound by this Order, the disclosing party shall seek the witness' confirmation on the record that the witness agrees to be bound by the Order, and if disclosure of the Information to the witness is not permitted absent the witness' execution of a Confidentiality Agreement, the disclosing party shall either obtain a copy of a previously executed Confidentiality Agreement or ask the witness to execute a Confidentiality Agreement.  Subject to Sections 12 and 13, no Confidential or Highly Confidential Information may be shown to the witness absent the witness' oral agreement to be bound by the Order and/or execution of a Confidentiality Agreement, as required under this Order.  Before Confidential or Highly Confidential Information may be shown to the witness' attorney, the disclosing party shall seek confirmation on the record that the witness' attorney agrees to be bound by the Order.  Copies of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation.  Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

b.      For purposes of Sections 12 and 13 herein, an expert, consultant or investigator shall be defined as a person who is neither a current employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide

consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

**17.    Challenging Designation of Materials**:   A party shall not be obligated to challenge the propriety of a Confidential Information or Highly Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation of any material under this Order by another party, the objecting party first shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material.  If such a motion is made, the Designating Party will have the burden to establish that the designation is proper.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated "Confidential" or "Highly Confidential" shall be treated as such until a final, unreviewable ruling has been entered that  they should not be so treated.

**18.    No Application to Public or Otherwise Available Information**:  This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential;  (ii) was obtained without any benefit or use of Confidential or Highly Confidential Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Confidential or Highly Confidential Material; or (iv) has been published to the

general public.  If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party may challenge the propriety of such designation using the procedure outlined in Section 18 above.  Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

**19.  Use of Confidential Information at Trial or Hearing:**  In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court proceeding in this action or any appeal therefrom, subject to the applicable Court rules, said information shall not lose its status as Confidential Information or Highly Confidential Information through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding, and on the continued status of Confidential Information and Highly Confidential Information used at trial.  The use of Confidential Information or Highly Confidential Information at trial will be determined by the Court.

**20.  No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal**:  In the event that any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use.  Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

**21.  No Waiver of Privilege**:  Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party

later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation or any other federal or state proceeding.

22. **Effect of Disclosure of Privileged Information:** Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Disclosing or Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation or any other federal or state proceeding.

23. **Additional Parties or Attorneys**: In the event additional parties join, are joined or intervene in this Litigation, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order. If any additional attorneys make appearances for parties in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material until they execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A.

24.     **Protective Order Remains in Force**:  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this Litigation.  The Court retains jurisdiction even after termination of this Litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

25.     **No Prejudice for Further Relief**:  This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

26.     **No Waiver of Grounds for Producing Material**:  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

27.     **Confidential or Highly Confidential Material Subpoenaed or Ordered Produced in Other Actions**:  If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within ten (10) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order.  The burden of opposing the enforcement of the Demand shall fall

upon the party or non-party who produced or designated the material as Confidential Material or Highly Confidential Material.  Unless the party or non-party who produced or designated the Confidential Material or Highly Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date.  Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Material or Highly Confidential Material shall not constitute a violation of this Order.  However, the Receiver shall not produce Discovery Material while a motion to quash or motion for a protective order is pending by the party or non-party who produced or designated the Confidential Material or Highly Confidential Material.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

28.    **Advice Based on Discovery Material Allowed**:  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material produced by another party or a non-party if that disclosure would be contrary to the terms of this Protective Order.

29.    **Redaction Allowed**: Any Producing Party may redact from the documents and things it produces matter information that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall

mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., privilege, confidential, highly confidential, etc.), as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document. No redactions shall be made solely on the basis of relevance. In addition to the foregoing, the following shall apply to redactions of Protected Data:

a. Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party.

b. Protected Data shall be redacted from any public filing not filed under seal.

c. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Material and Highly Confidential Material as set forth in Section 18.

**30.** **Application to Non-Parties**: This Order shall apply to any non-party who provides discovery, by deposition, production of documents or otherwise, in this litigation, if that non-party requests the protection of this Order as to its Confidential Information or Highly Confidential Information and complies with the provisions of this Order. The party requesting discovery from such a non-party shall provide such non-party with a copy of this Order so as to inform such non-party of his, her, or its rights hereunder. Any non-party producing discovery in this action may be included in this Order by endorsing a copy of this Order and delivering it to the party

requesting the discovery, who, in turn, shall serve it upon counsel of record for all parties to this action.

31. **Violations of Protective Order**: In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

32. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court retains jurisdiction to the provisions of this Order following the final resolution of the Litigation. Within sixty (60) days after the final resolution of the Litigation, all Confidential Information and Highly Confidential Information, including all copies, abstracts and summaries, shall be returned to counsel for the Producing Party or, if the Producing Party's counsel is so informed, destroyed, with the party that had received the Confidential Information or Highly Confidential Information certifying to the return or destruction as appropriate, upon request. Counsel shall be entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert report product, even if such materials contain Confidential Information or Highly Confidential Information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this

1   Order, are clearly marked to reflect that they contain information subject to this
2   Order, and maintained as such.
3        **33.**    This Order is binding on all parties to this action, on all non-parties who
4   have agreed to be bound by this Order and on all others who have signed the
5   Confidentiality Agreement in substantially the form attached hereto as Exhibit A,
6   and shall remain in force and effect until modified, superseded, or terminated by
7   consent of the parties or by Order of the Court.
8        **34.**    All time periods set forth in this Order shall be calculated according to
9   Rule 6 of the Federal Rules of Civil Procedure, as then in effect.
10       **35.    Headings**: The headings herein are provided only for the
11  convenience of the parties, and are not intended to define or limit the scope of
12  the express terms of this Protective Order.
13       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
14
15  Dated: November ____, 2016              Respectfully submitted,
16                                          **BURSOR & FISHER, P.A.**
17
18                                          By:_____*/s/ L. Timothy Fisher*_____
                                                       L. Timothy Fisher
19
20                                          L. Timothy Fisher (State Bar No. 191626)
                                            Joel D. Smith (State Bar No. 244902)
21                                          1990 North California Blvd., Suite 940
                                            Walnut Creek, CA  94596
22                                          Telephone: (925) 300-4455
                                            Facsimile: (925) 407-2700
23                                          Email: ltfisher@bursor.com
24                                          **BURSOR & FISHER, P.A.**
                                            Scott A. Bursor (State Bar No. 276006)
25                                          888 Seventh Avenue
                                            New York, NY  10019
26                                          Telephone: (212) 989-9113
                                            Facsimile:  (212) 989-9163
27                                          E-Mail: scott@bursor.com
28

STIPULATED PROTECTIVE ORDER                                                    24
CASE NO. 8:16-cv-1093-JLS-JCG

1

2

*Counsel for Plaintiff*

3

By:_____ */s/ Ann Marie Mortimer*_____

4

Ann Marie Mortimer

5

**HUNTON & WILLIAMS LLP**

Ann Marie Mortimer (SBN 169077)

6

amortimer@hunton.com

550 South Hope Street, Suite 2000

7

Los Angeles, CA  90071

Telephone:  (213) 532-2000

8

Facsimile:  (213) 532-2020

9

Samuel A. Danon (*pro hac vice*)

sdanon@hunton.com

10

1111 Brickell Ave., Suite 2500

Miami, Florida 33131

11

Telephone: (305) 810-2500

Facsimile:  (305) 810-2460

12

*Counsel for Defendant*

13

14

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

15

16

DATED:___November 21, 2016___   _____

17

Jay C. Gandhi

18

UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRENNER, on behalf of herself and all others similarly situated,<br><br>                   Plaintiff,<br>    v.<br><br>PROCTER & GAMBLE CO.,<br><br>                  Defendant. | Case No. 8:16-cv-1093 JLS-JCG<br><br>**AGREEMENT CONCERNING INFORMATION GOVERNED BY STIPULATED PROTECTIVE ORDER**<br><br>Hon. Josephine L. Staton |

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action by the United States District Court for the Central District of California (hereinafter, the "Protective Order").

I certify my understanding that such information will be provided to me pursuant to the terms and restrictions of the Court Order of _____, 2016, and that I have been given a copy of and have read this Order and agree to be bound by its terms. I understand, agree, and represent that such materials, or any notes, copies, or other records that may be made regarding any such matter, shall not be disclosed to any persons, used, or otherwise processed except as provided in that Order. I am in a position and able and willing to comply with that Order. I hereby affirm that the foregoing is true and correct.

Executed this _____ day of _____, 20__ at _____.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _____

Signature

_____

Type or Print Name

1

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)

2

3

Pursuant to Local Rule 5-4.3.4(a)(2) of the Central District of California, I attest that I have concurrence in the filing of this document.

4

5

By: */s/*_____

Ann Marie Mortimer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28