HAROLD P. WEINBERGER (*admitted pro hac vice*)
hweinberger@kramerlevin.com
NORMAN C. SIMON (*admitted pro hac vice*)
nsimon@kramerlevin.com
EILEEN M. PATT (*admitted pro hac vice*)
epatt@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Ann Marie Mortimer (State Bar No. 169077)
amortimer@hunton.com
HUNTON & WILLIAMS LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
THE PROCTER & GAMBLE CO.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRENNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE CO.,<br><br>Defendant. | Case No.: 8:16-1093-JLS-JCG<br><br><u>CLASS ACTION</u><br><br>**APPLICATION TO FILE UNDER SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, MOTION TO EXCLUDE J. MICHAEL DENNIS AND SUPPORTING DOCUMENTS**<br><br>Before: Hon. Josephine L. Staton |

---

DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, MOTION TO EXCLUDE J. MICHAEL DENNIS AND SUPPORTING DOCUMENTS, Case No. 8:16-CV-1093-JLS-JCG

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 79-5.2.2(b), Defendant, The Procter & Gamble Company, ("P&G"), hereby submits this Application for an Order permitting Defendant to File Under Seal Confidential Materials in connection with (1) Defendant's Opposition to Plaintiffs' Motion for Class Certification; and (2) Defendant's Motion to Exclude the Expert Testimony of J. Michael Dennis, Ph.D. ("Sealing Application").

1. In Orders dated September 29, 2017 (ECF No. 86) and October 6, 2017, (ECF No. 90), the Court granted in part the applications to seal material filed in connection with Plaintiffs' Motion for Class Certification. By this application, Defendant seeks to file under seal substantially similar material filed in connection with Defendant's Opposition to Plaintiffs' Motion for Class Certification, as well as in connection with Defendant's Motions to Exclude the Expert Testimony of Plaintiffs' Experts J. Michael Dennis and Colin B. Weir.

2. The basis for this Sealing Application, as set forth in more detail in the accompanying declarations of Norman C. Simon ("Simon Decl.") and Chad Brizendine ("Brizendine Decl."), is that compelling reasons exist to redact and seal Defendant's sensitive and proprietary trade secrets and business information because disclosure of such information could cause harm to Defendant and third parties, and place P&G at a competitive disadvantage.

3. Accordingly, Defendant requests an Order permitting Defendant to file under seal the following portions of Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification:

| **Proposed Redactions to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification** |
|---|
| **Page 4 lines 17-18,** |
| **Page 4 lines 21-22** |

1

| **Proposed Redactions to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Class Certification** |
|---|
| Page 4 lines 25-28 |
| Page 5 line 24 |
| Page 12 lines 16-23 |
| Page 15 lines 18-19 |
| Page 17 line 27 |
| Page 18 lines 1-10 |
| Page 18 lines 25-26 |
| Page 18 lines 27-28 |

4. Defendant further requests an Order permitting Defendant to file under seal the following portions of Defendant's Memorandum in support of Defendant's Motion to Exclude the Expert Testimony of J. Michael Dennis:

| **Proposed Redactions to Defendant's Memorandum in Support of Defendant's Motion to Exclude the Expert Testimony of J. Michael Dennis** |
|---|
| Page 7 lines 17-21 |
| Page 8 line 1 |
| Page 8 lines 3-4 |
| Page 8 lines 7-8 |
| Page 8 lines 15-19 |
| Page 8 lines 24-26 |
| Page 13 line 7 |
| Page 14 lines 9-11 |
| Page 14 lines 19-21 |
| Page 15 lines 6-9 |
| Page 15 lines 17-18 |
| Page 16 lines 1-2 |

5. Finally, Defendant requests an Order permitting Defendant to file under seal the following exhibits or portions of exhibits attached to the Declaration of Harold P. Weinberger filed in support of the aforementioned memoranda.

DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, MOTION TO EXCLUDE J. MICHAEL DENNIS AND SUPPORTING DOCUMENTS, Case No. 8:16-CV-1093-JLS-JCG

| Proposed Redactions to Exhibits 1-4, 6-8, 25-26, and 27-28 to the Declaration of Harold P. Weinberger | |
| --- | --- |
| **Exhibit 1** | Pgs. 248:2-9, 256:4-25 (highlighted portions) |
| **Exhibit 2** | Entire Exhibit |
| **Exhibit 3** | Entire Exhibit |
| **Exhibit 4** | Pgs. 175:2-25, 176:1-25, 181:2-24, 261:5-20, 264:1-25, 265:1-25, 266:1-11 (highlighted portions) |
| **Exhibit 6** | Entire Exhibit |
| **Exhibit 7** | Entire Exhibit |
| **Exhibit 8** | Entire Exhibit |
| **Exhibit 25** | Entire Exhibit |
| **Exhibit 26** | Entire Exhibit |
| **Exhibit 28** | Pgs. 6, 8, 12, 14, 24, 26, 27, 28, 36, 37, 44, 47, 49 to 52, 58, 59, 64 to 68, 78, 79, 82, 83, 94 to 100, 106, 108, 109, 185, 186, 192, 198, 202, 203, 210-248, 248-250, 259, 256-265, 267-312, 314, 316-319, 321-324, 326-327, 329-332, 334 (highlighted portions) |
| **Exhibit 29** | Pgs. 22-25, 37-39 (highlighted portions) |

6. "Protective orders and filing under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). "Discovery documents attached to non-dispositive motions may be sealed upon a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)." *Brenner v. Procter & Gamble*, No. 8:16-CV-1093 JLS-JCG, Dkt. No. 86 [Order] at 5 (C.D. Cal. Sept. 29, 2017) (Staton, J.) (citation and quotations omitted). Sealing is appropriate in circumstances where such records may be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*

3

*v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also United States ex rel. Brown v. Celgene Corp.*, No. 10-CV-3165 GHK (SS), Dkt. No. 318 at 9 C.D. Cal. Aug. 23, 2016) ("Courts routinely protect sensitive business and proprietary information under the good cause standard in discovery motions where disclosure would put the producing party at a competitive disadvantage."); Fed. R. Civ. P. 26(c)(1)(G) (permitting courts to issue protective orders, for "good cause," "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.").

    7.    Good cause exists to seal the above-referenced materials because they discuss specific details surrounding the development of potential new products that have not yet been launched, non-public brand strategy and market data, conclusions, and communications as to current and former products, including test products that were never released publicly, as well as product ingredients and product formulation, internal reference documents, and other related matters. (*See* Brizendine Decl. ¶¶ 3-10). Making this market research and brand strategy information public would put P&G at a competitive disadvantage. (*Id.* ¶¶ 4-5, 7-10). This information would give P&G's competitors detailed information about the company's market testing, new product development, product formulation, and advertising strategy, which would provide P&G's competitors with insight into how to adjust their business strategies. (*Id.*). Market research and ingredient testing are also expensive, and making the details of the research and testing P&G conducted or commissioned public would give its competitors valuable data regarding P&G's products that they would not otherwise possess. (*Id.* ¶¶ 5, 8).

8. Defendant proposes limited redactions to the aforementioned memoranda of points and authorities and exhibits to encompass information that is substantially similar to the confidential and sensitive information that the Court previously held may be filed under seal in its Orders dated September 29, 2017 (ECF No. 86) and October 6, 2017, (ECF No. 90). Moreover, the quotations and statements in the aforementioned memoranda of points and authorities reference and rely upon confidential material which Defendant now seeks to have sealed in connection with the instant application, or confidential information contained in documents the Court previously determined should be sealed. *See, e.g.*, *Urakhchin v. Allianz Asset Management of Am.*, No. 8:15-cv-01614-JLS-JCG, Dkt. No. 99 [Order] at 8 (C.D. Cal. Apr. 21, 2017) (approving sealing of portions class certification memorandum that reference and rely upon information contained in sealed exhibits) (Staton, J.).

9. Defendant has lodged the documents containing the confidential information in the manner provided by Local Rule 79-5.2.2(a).

10. Defendant respectfully requests that the Court grant this Sealing Application and permit Defendant to file under seal the above-referenced materials. A [Proposed] Order regarding this Sealing Application is submitted herewith.

11. On October 24, 2017 and October 27, 2017, counsel for Defendant, P&G, notified counsel for Plaintiffs of its intent to file this request to seal the above-referenced material. (Simon Decl. ¶ 15). Plaintiffs' counsel does not oppose this Sealing Application. (*Id.*)

5

DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, MOTION TO EXCLUDE J. MICHAEL DENNIS AND SUPPORTING DOCUMENTS, Case No. 8:16-CV-1093-JLS-JCG

This Sealing Application is based on the concurrently filed Declarations of Norman C. Simon and Chad Brizendine, and all other materials in the Court file in this Action.

DATED: October 27, 2017

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Harold P. Weinberger
  Harold P. Weinberger (*admitted pro hac vice*)
  Norman C. Simon (*admitted pro hac vice*)
  Eileen M. Patt (*admitted pro hac vice*)
  1177 Avenue of the Americas
  New York, New York 10036
  (212) 715-9100
  hweinberger@kramerlevin.com
  nsimon@kramerlevin.com
  epatt@kramerlevin.com